NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000651
22-FEB-2012
08:27 AM**

NO. CAAP-11-0000651

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN RE DIBROMOCHLOROPROPANE ("DBCP") CASES

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-DBCP)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal from the Honorable Virginia L. Crandall's August 9, 2011 "Order Granting Leslie S. Fukumoto, Attorney at Law, a Law Corp.'s[,] Attorney's Motion to Enforce Lien Filed 06-21-11" (the August 9, 2011 order enforcing an attorney's lien) because the appealed order is not eligible for appellate review in the absence of a separate judgment pursuant to Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi

115, 119, 869 P.2d 1334, 1338 (1994).

The August 9, 2011 order enforcing an attorney's lien is not a "judgment" on all claims, but, instead, it is an interlocutory order that is similar to an order awarding attorney's fees and costs. Regarding an order awarding attorney's fees and costs, the supreme court has noted that "such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). Consequently, "[a] circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Id. (citation and internal quotation marks omitted). "Absent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto v. Au, 95 Hawai'i at 123, 19 P.3d at 706. On October 31, 2011, the record on appeal for Appeal No. CAAP-11-0000651 was filed, at which time the record did not contain a separate judgment. Thus, it appears that the circuit court has not yet reduced the dispositive order in this case to a separate judgment.

We recognize that the circuit court entered an August 11, 2011 "stipulation" to dismiss all claims and parties in Civil No. 11-1-DBCP, purportedly pursuant to HRCP Rule 41(a)(1)(B), and, for the purpose of perfecting a party's right to appeal from an HRCP Rule 41(a)(1)(B) stipulation to dismiss, "a separate

judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)], is effective without order of the court." Amantiad v. Odum, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and brackets omitted).). However, despite that attorneys for all parties in the instant case appear to have signed the August 11, 2011 "stipulation," as HRCP Rule 41(a)(1)(B) requires for a stipulation to dismiss without an order of court, the presiding judge in the instant case nevertheless signed this document as "approved and so ordered," and, in effect, thereby converted the August 11, 2011 "stipulation" to into an "order of court" dismissing the case pursuant to HRCP Rule 41(a)(2), rather than HRCP Rule 41(a)(1)(B). Where, as here, a circuit court dismisses all claims through an order of court such as the August 11, 2011 dismissal order, the HRCP Rule 58 separate document rule under Jenkins requires the circuit court to reduce the dismissal order to a separate judgment before any party may obtain appellate review. See, e.g., Price v. Obayashi Haw. Corp., 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996). Because the circuit court dismissed the instant case by way of an order of court, i.e., the August 11, 2011 dismissal order, no party may assert an appeal until the circuit court has first reduced the August 11, 2011 dismissal order to a separate judgment that resolves all parties' claims. Absent an appealable final judgment, the appeal is premature and we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 22, 2012.

Presiding Judge

Associate Judge

Associate Judge